IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Almonzo Lowery, # 323759, ) | C/A No. 0:10-920-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Cpl. McWhite, and Sgt. Winn, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Almonzo Lowery, ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff, whose allegations stem from events that occurred while housed at Palmer Pre-Release Center, files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff complains that the defendants taunted him with comments about his sexual preferences in front of fellow inmates to the extent that he needed to be transferred out of a pre-release center to a higher security prison. He claims that he was placed in danger and fear by other inmates as a result of the alleged taunting, but he does not include any allegations that anything happened to him that caused him physical injury, although he claims that he "can't sleep and is losing weight" in the higher level prison. He seeks compensatory and punitive damages for his "mental suffering" and "anything else that the court deems just and proper." This case is being

considered as submitted under 42 U.S.C. § 1983, as that is the only basis for federal jurisdiction over the claims raised evident from the face of the pleading.[1]

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an

---

[1] Plaintiff's claims for damages and other relief allegedly arising from the conditions of his confinement within South Carolina state prisons are properly considered by this court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. McKnight v. Rees, 88 F.3d 417(6th Cir. 1996) (emphasis added).

[2] Screening pursuant to § 1915A is subject to this standard as well.

arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The Complaint should be summarily dismissed in its entirety because it is well settled that "the use of vile and abusive language is never a basis for a civil rights action."

Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985) (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims); see Northington v. Jackson, 973F.2d 1518, 1524 (10th Cir. 1992) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Emmons v. McLaughlin, 874 F. 2d 351, 354 (6th Cir. 1989) (verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Batista v. Rodriguez, 702 F.2d 393, 398 (2d Cir. 1983); Sluys v. Gribetz, 842 F. Supp. 764, 765 n.1 (S.D.N.Y. 1994). Verbal abuse of a prisoner, even of the lewd variety alleged here, is not actionable under § 1983. See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); Boston v. Stanton, 450 F. Supp. 1049 (W.D. Mo. 1978) (same). While the statements allegedly made by Defendants were deplorable, mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983. See Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir. 1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause."); Henslee v. Lewis, 153 Fed. Appx. 178, 180 (4th Cir. 2005) (same; affirming *sua sponte* dismissal of claim based on threats); see also Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir. 1999); Aleem-X v. Westcott, 347 Fed. Appx. 731, 732 (3d Cir. Oct. 9, 2009) (*sua sponte* dismissal affirmed). Since abusive language is not actionable under 42 U.S.C. § 1983, the comments at issue in this case (calling Plaintiff "thunder cat" and "pink power ranger" and saying that he "masterbat[ed] off punks") are not actionable under 42 U.S.C. § 1983.

Furthermore, to the extent that it seeks compensatory damages for mental stress, the Complaint is subject to summary dismissal under 42 U.S.C. § 1997e. Plaintiff does not

allege that he suffered any attack from fellow inmates or Defendants resulting in physical injury or that he suffered any other kind of physical injury as the result of Defendants' threats. There can be no recovery of damages for mental stress under 42 U.S.C. § 1997e(e) in absence of a physical injury. Several courts have held that things such as sleeplessness and losing weight as a result of depression or anxiety, which is essentially what Plaintiff claims, do not qualify as a "physical injury" under the statute. See, e.g., Pearson v. Welborn, 471 F.3d 732 (7th Cir. 2006); May v. Donneli, No. 9:06-cv-437 (GLS/RFT), 2009 WL 3049613, *3 (N.D.N.Y. Sept. 18, 2009) (collecting cases).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process. See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979); Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 6, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).